Argued and submitted May 6, 1983, affirmed June 6, reconsideration denied August 27, petition for review allowed August 28, 1984 (297 Or 781)
See 299 Or 49, 698 P2d 487 (1985))

STAIGER et al,
*Respondents,*

*v.*

BURKHART et al,
*Appellants.*

(131,718; CA A26533)

683 P2d 1015

Ralph C. Spooner, Salem, argued the cause for appellants. With him on the briefs was Williams & Spooner, Salem.

C.S. Emmons, Albany, argued the cause for respondents. With him on the brief was Emmons, Kyle, Kropp & Kryger, P.C., Albany.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

This is a declaratory judgment action to determine whether defendant Oregon Mutual Insurance Company (OMIC), which issued an automobile insurance policy to defendants Burkhart, was entitled to offset the personal injury protection (PIP) benefits it had paid plaintiffs against the liability limits available under the policy. The trial court held that OMIC was not entitled to reduce the liability limits of the policy by the PIP benefits it had paid plaintiffs. Defendants appeal. We affirm.

The matter was heard on stipulated facts. An automobile collision occurred on March 7, 1980, involving a car operated by defendant Lisa Burkhart and another vehicle, which resulted in personal injury to plaintiffs Veronica Staiger and Kimberly Rae Rosenberry, who were passengers in the Burkhart vehicle. The policy had a single $50,000 bodily injury limit. Plaintiffs filed actions against defendants Burkhart and others claiming damages for personal injuries arising out of the accident. They settled those claims, recovered $40,000 from OMIC and reserved the right to litigate the issue of whether OMIC was entitled to reduce the limit of its liability insurance coverage from $50,000 to $40,000 because of its $10,000 PIP coverage payment ($5,000 to each plaintiff).

OMIC contends that ORS 743.835 either provides for or should be interpreted to require an offset against an insured's liability limits for any amounts which the company has paid as PIP benefits. It argues that legislative intent, evidenced by the legislative history of ORS 743.835 and *Monaco v. U.S. Fidelity & Guar.*, 275 Or 183, 550 P2d 422 (1976), supports its position. It also urges that, although ORS 743.835 was amended in 1975 to delete the statutory language which had permitted an offset of PIP benefits paid against liability limits,[1] the general statutory scheme of ORS 743.825

---

[1] Before 1975, ORS 743.835 read:

"Payment of any benefit required by ORS 743.800 to or for any insured and any payment required by ORS 743.825 to any health insurer or health care service contractor shall be applied in reduction of the amount of damage that the insured may be entitled to recover from any insurer under bodily liability or uninsured motorist coverage for the same accident."

to 743.830 and ORS 18.510 requires an interpretation that would permit the offset.

Plaintiffs argue that, although before 1975 ORS 743.835 governed the right of an automobile liability insurance company to reduce its liability limits to the extent of PIP payments paid to anyone, the 1975 amendment restricted that right to situations where the company has paid its own insured PIP benefits and thereafter is required to pay its insured damages under the uninsured motorist provision. They also argue that there is no ambiguity in ORS 743.835 and, therefore, resort to legislative history is unnecessary. They examine the same PIP statutory scheme relied on by OMIC and submit that, although the PIP statutes set out the requirements of what an automobile insurance policy must contain, there is no specific statutory provision which permits a liability insurer to reduce its policy limits by reason of PIP benefits paid in this particular situation.

We have examined the language of ORS 743.835 and conclude that it has no application to the case before us for two reasons. First, that statute clearly allows only an offset of PIP benefits against the uninsured motorist coverage an insured receives from his insurer. Because the statute is clear and unambiguous, we need not resort to rules of statutory construction in ascertaining and declaring legislative intent. *Curly's Dairy v. Dept. of Agriculture,* 244 Or 15, 415 P2d 740 (1966). Second, in *Kessler v. Weigandt,* 68 Or App 180, 685 P2d 425 (1984), we considered the legislative intent of the 1975 amendment to ORS 743.835 and concluded that the amendment was designed primarily to prevent an injured party from receiving a double recovery. Double recovery is not an issue in this case, because plaintiff's actual damages exceed OMIC's liability limits.

We are also unable to see how the statutory scheme of ORS 743.825 to 743.830 and ORS 18.510 aids OMIC's position. Those statutes set out three methods by which a PIP

---

It was amended in 1975 (Or Laws 1975, ch 784, § 10) to read:

"Payment by a motor vehicle liability insurer of personal injury protection benefits for its own insured shall be applied in reduction of the amount of damage that the insured may be entitled to recover from his insurer under uninsured motorist coverage for the same accident."

insurer can recover PIP payments from the negligent party or the negligent party's insurer, ORS 743.825, 743.828, 743.830, and also contains a provision allowing a liability insurer to apply its PIP reimbursement to reduce a judgment entered against its insured, ORS 743.825, 18.510(2); *Kessler v. Weigandt, supra.* OMIC has not shown that it is entitled to an offset under any of those specific statutes. As we noted in *Kessler,* the statutory scheme, viewed as a whole and considered with the legislative history, does not reveal an imperfectly expressed intent to provide for offsets not specifically allowed.

■    This case presents a variation of the issue raised in *Kessler v. Weigandt, supra,* where we considered whether an insurer, in paying a settlement to an injured party, may offset the amount it had reimbursed the injured party's insurer for PIP benefits paid pursuant to ORS 743.825(1) against the liability limits of the negligent party's policy. Here two passengers have received PIP benefits from the negligent driver's insurer, instead of through an ORS 743.825(1) interinsurer reimbursement. The insurer now seeks to offset the amount it paid in PIP benefits to the passengers against its total liability. There is no reason to apply a different analysis in this case from that employed in *Kessler,* where we stated:

> "* * * Because (1) [the negligent party's insurer's] policy commits it to pay whatever its *insured* becomes liable to pay up to its policy limits, (2) before a judgment, its reimbursement of the PIP carrier is not in law a payment of the insured's liability, and (3) the amount that will be applicable to a judgment may not yet be known, [it] is not entitled to a pre-judgment credit for that reimbursement. The trial court was correct in holding that USAA owes plaintiff the amount of the PIP payments." 68 Or App at 190. (Emphasis in original.)[2]

Similarly, OMIC agreed, by the terms of its policy,

> "* * * to pay on behalf of the insured all sums which the insured shall become legally obligated to pay because of * * * bodily injury * * * sustained by any person * * *."

It also agreed

---

[2] The policy in *Kessler* contained a provision whereby the insurance company promised to pay damages for which its insured "becomes legally responsible because of an auto accident." 68 Or App at 188.

"* * * to pay all reasonable medical expenses incurred within one year from the date of the accident * * * to or for any * * * person who sustains bodily injury caused by accident, while *occupying* * * * the owned automobile, while being used by the named insured * * *."

OMIC does not argue that the language of its policy entitles it to offset the PIP benefits it paid to plaintiffs against its liability limits. It relies solely on what it claims ORS 743.835 should be interpreted to mean in the light of the statutory scheme of ORS 743.825 to 743.830. As noted, the language of ORS 743.835 is clear. For these reasons we conclude, as we did in *Kessler,* that OMIC's policy commits it to pay whatever its insured becomes liable to pay up to its $50,000 liability limits and that it is not entitled to offset the $10,000 PIP benefits paid to plaintiffs against its liability limits.

Affirmed.